# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| SHERRI BISHOP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-4006-SSA-CV-C-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Sherri Bishop seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on November 13, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

because substantial evidence exists in the record that would have supported a
contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff alleges disability due to multiple mental and physical problems including mental disorder, depression, fatigue, back and pelvis injuries, blurry vision and nervous system problems. The Administrative Law Judge (ALJ) found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since the application date, and found that Plaintiff had the severe impairments of major depressive disorder. The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff was determined to have the following residual functional capacity (RFC):

> [C]laimant has the residual capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carryout simple work instructions. The claimant is able to maintain attendance and sustain an ordinary routine without special supervision. She can interact appropriately with co-workers and supervisors on an occasional basis. The claimant would do best in work settings where she can complete tasks independently. She is able to adapt to routine change.

2

(Tr. 13-14.) Based on this RFC, the ALJ, with the assistance of a vocational expert, determined that plaintiff could not do her past relevant work as a housekeeper, babysitter or cosmetologist, but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ determined that Plaintiff has not been under disability as defined in the Social Security Act, since November 29, 2010, the date the application was first filed.

Plaintiff alleges the ALJ erred in not explaining what medical and nonmedical evidence she utilized to assess her RFC and erred in failing to conduct a proper credibility analysis. The Commissioner argues there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not precluded from doing all work, and therefore, is not disabled.

Upon review, this Court finds as to the issue of credibility, the ALJ's decision is entitled to deference. Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012). As to Plaintiff's physical impairments, this Court finds there is substantial evidence to support that her physical impairments were not disabling. As to Plaintiff's mental health impairments, however, this Court finds there is not substantial evidence in the record as a whole to support the decision of the ALJ. This is because the ALJ's decision on this issue, in the form of Plaintiff's RFC, is supported only by the opinion of a one-time nonexaming doctor whose opinion is simply based on the review of Plaintiff's records and is contrary to other medical opinions in the record. Specifically, this nonexamining doctor's opinion is contrary to the medical opinions of the two doctors who did examine Plaintiff, Drs. Babin and Frick. Both Dr. Babin, plaintiff's treating physician, and Dr. Frick, a one-time examining physician, opined that Plaintiff's mental impairments were disabling. While the nonexamining doctor's opinion is some evidence, it is not substantial evidence when viewed in light of the opinions of treating physician Dr. Babin and another examining doctor, Dr. Frick.

**Conclusion**

After carefully reviewing the record, this Court finds that the administrative record is not sufficiently developed to make a determination as to Plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination as to when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of the record. Further medical evidence in the form of a consultative examination

by a mental health expert is required. This consultative examination should include a review of Plaintiff's mental health records as well as an in-person mental health examination/assessment of Plaintiff, and any objective testing that may be appropriate. The purpose of the consultative examination is to determine Plaintiff's level of mental impairment and how her impairment affects her ability to sustain work activities. The medical consultant should provide a Mental Medical Source Statement which should include a narrative detailing the basis for the conclusions set forth in the Statement. With the assistance of this additional medical information, the ALJ should again consider whether the record as a whole does not support that Plaintiff is disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 14th day of November, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge